## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

**GLEN DALE NELSON**                               **CIVIL ACTION NO. 23-0644**

                                                   **SECTION P**

**VS.**

                                                   **JUDGE TERRY A. DOUGHTY**

**TRAVIS DAY**                                     **MAG. JUDGE KAYLA D. MCCLUSKY**

### REPORT AND RECOMMENDATION

Petitioner Glen Dale Nelson, a prisoner in the custody of Louisiana's Department of
Corrections proceeding pro se, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. §
2254, on May 10, 2023. [doc. # 1, p. 16]. Petitioner attacks: (1) his conviction for armed
robbery involving the use of a firearm; (2) his "armed robbery additional penalty"; and (3) his
twenty-year sentence imposed by the Fourth Judicial District Court, Parish of Ouachita.[1] For
reasons below, the Court should dismiss this Petition as untimely.

### Background

On either April 22 or 24, 2013, Petitioner pled guilty to armed robbery involving the use
of a firearm. [doc. #s 1, p. 1; 1-2, pp. 8, 25]. The trial court sentenced Petitioner to "fifteen (15)
years at hard labor as to the armed robbery part of the offense and five (5) years hard labor 'for
the enhancement portion' to run consecutively for a total of twenty (20) years at hard labor,
without benefit of probation, parole or suspension of sentence, but with credit for time served . . .
." [doc. # 1-2, pp. 8-9].

On September 27, 2016, the trial court corrected the minutes from Petitioner's sentencing

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in
accordance with 28 U.S.C. § 636, and the standing orders of the Court.

to read: "Sentence of Armed Robbery with a Firearm amended to twenty (20) years at hard labor without benefit of probation, parole or suspension of sentence." *Id.* at 9, 18. Petitioner states that the court had to "amend" the sentence because the "Louisiana Department of Corrections interpreted the sentences imposed as consecutive rather than part of a whole." [doc. # 1-2, p. 25].

Petitioner did not file a direct appeal after the trial court "corrected" the sentencing minutes. [doc. # 6, p. 1]. Petitioner did, however, file a motion to correct illegal sentence, which he also refers to as an application for post-conviction relief, on May 13, 2022. [doc. # 1-2, pp. 8, 25]. On May 19, 2022, the trial court denied Petitioner's motion on the merits; it also held that the motion was "an untimely application for post-conviction relief."[2] [doc. #s 1, p. 24; 1-2, pp. 8, 22-23].

Petitioner appealed the denial of his motion to correct illegal sentence. [doc. # 1, p. 6]. On October 26, 2022, the Second Circuit Court of Appeal denied his writ application. [doc. # 1, pp. 6, 19]. On March 14, 2023, the Supreme Court of Louisiana denied Petitioner's subsequent writ application. [doc. # 1-2, p. 1]. Petitioner did not seek further review before the United States Supreme Court. [doc. # 1, p. 3].

Here, Petitioner claims: (1) that he was not present in the court when the trial court corrected the sentencing minutes; (2) the judge who corrected the minutes did not advise him of the "prescriptive period within which to file for post-conviction relief when the Court amends a sentence"; and (3) the "armed robbery five (5) year additional enhanced penalty found in *La. R.S. 14:64.3* was not charged, and as a result, the sentence therein is illegal." [doc. # 1, pp. 18, 23].

---

[2] The trial court signed the ruling on May 19, 2022, but it filed the ruling on June 2, 2022. [doc. # 1-2, p. 22].

## Law and Analysis

Title 28, United States Code, Section 2244(d)(1), provides a one-year statute of limitations for filing habeas corpus applications by persons in custody pursuant to the judgment of a state court:

> The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, with respect to subsection "C" above, Petitioner's claims do not rely on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. With respect to subsection "D," Petitioner does not contend that "the factual predicate of the claim or claims presented" were "discovered through the exercise of due diligence" after the date on which his judgment became final. As to subsection "B," Petitioner does not argue that he was impeded from filing this Petition.[3]

---

[3] *See Hebrard v. Day*, 232 F.3d 208 (5th Cir. 2000) ("Hebrard does not argue that a state impediment prevented him from timely filing a § 2254 petition."); *Hatcher v. Quarterman*, 305 F. App'x 195, 196 (5th Cir. 2008) (finding that because the petitioner "did not allege that the state habeas court created an 'unconstitutional' impediment that prevented him from timely filing his federal habeas application[,] . . . the statutory exception in § 2244(d)(1)(B) [did] not apply.").

Consequently, the one-year period of limitation "runs" from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A).

Here, the trial court corrected the minutes from Petitioner's sentencing on September 27, 2016. [doc. # 1-2, p. 18]. To the extent the trial court's correction constituted a re-sentencing,[4] Petitioner's conviction became final only after he was re-sentenced. *See Scott v. Hubert*, 635 F.3d 659, 666 (5th Cir. 2011) (holding that when a prisoner is resentenced, a "judgment of conviction does not become final within the meaning of 28 U.S.C. § 2244(d)(1)(A) until both the conviction and the sentence have become final by the conclusion of direct review or the expiration of the time for seeking such review."); *State v. Williams*, 16-32 (La. App. 5 Cir. 8/24/16), 199 So. 3d 1205, 1209 ("It is well established that a defendant may only appeal from a final judgment of conviction when sentence has been imposed.").

As above, Petitioner did not file a direct appeal after the trial court "corrected" the sentencing minutes. [doc. # 6, p. 1]. When a petitioner concludes his state court direct appeal before it reaches the state court of last resort, "the conviction becomes final when the time for seeking further direct review in the state court expires." *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

Under LA. CODE CRIM. PROC. art. 914(B), a "motion for an appeal must be made no later than: (1) Thirty days after the rendition of the judgment or ruling from which the appeal is

---

[4] *But see Booth v. Sec'y, Fla. Dep't of Corr.*, 729 F. App'x 861, 862-63 (11th Cir. 2018) ("Although a new judgment that results from resentencing restarts the one-year limitation period, the trial court did not resentence Booth on November 6, 2014. Instead, as the trial court specified, its order was a 'ministerial correction' reflecting the state appellate court's holding that Booth's sentences ran concurrently, not consecutively. That order did not authorize Booth's confinement, nor did it vacate any of his sentences and replace them with new ones." (citation omitted).

taken."  As Petitioner did not pursue a direct appeal, his conviction became final on October 27, 2016, thirty days after the resentencing/correction of the sentencing minutes.[5]

Because Petitioner's conviction became final on October 27, 2016, Petitioner had one year, or until October 27, 2017, to file a federal habeas corpus petition.  Petitioner did not file the instant Petition until, at the earliest, May 10, 2023.  [doc. # 1, p. 16].  Thus, Petitioner's claims are barred by the one-year limitation period unless Petitioner extended the October 27, 2017 deadline through statutory or equitable tolling.

## I. <u>Statutory Tolling</u>

The statutory tolling provision in 28 U.S.C. § 2244(d)(2) provides, "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation . . . ."  However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period, *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998), and the limitations period is tolled only as long as the state application remains pending, *Johnson v. Quarterman*, 483 F.3d 278, 285 (5th Cir. 2007).

Here, Petitioner did not file an application for post-conviction relief before the one-year limitation period expired.  As noted, Petitioner's conviction became final on October 27, 2016. Absent tolling, the time for filing a federal habeas corpus petition would expire on October 27, 2017.  Petitioner waited until May 13, 2022, to file a motion to correct illegal sentence, which he

---

[5] Under United States Supreme Court Rule 13, "a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."  The time for seeking direct review often "includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort."  *Roberts*, 319 F.3d at 694. However, "If the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires."  *Id.*  Here, therefore, Petitioner is not afforded an additional ninety days.

also refers to as an application for post-conviction relief.[6]  [doc. # 1-2, pp. 8, 25].  As Petitioner

did not apply for post-conviction relief in state court before October 27, 2017, he did not

interrupt or statutorily toll the period of limitation.[7]  Accordingly, the instant Petition is untimely

and should be dismissed absent rare and exceptional circumstances or a credible showing of

actual innocence.

## II. Equitable Tolling

The one-year statute of limitations can, in rare and exceptional circumstances, be

equitably tolled.  *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  However,

"[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant

about the cause of action or is prevented in some extraordinary way from asserting his rights."

*U.S. v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016).  "A petitioner's failure to satisfy the statute

of limitations must result from external factors beyond his control; delays of the petitioner's own

making do not qualify."  *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).  "To be entitled to

equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently,

and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."

---

[6] A motion to correct an illegal sentence can toll the statute of limitations like an application for post-conviction relief/review.  *Sampia v. Cain*, 48 F. App'x 916 (5th Cir. 2002) ("[I]n sum, we conclude that Sampia's 'Motion to Correct an Illegal Sentence' was a 'properly filed application for State post-conviction or other collateral review' that did indeed toll the one-year limitations period set forth in § 2244(d), as amended by AEDPA.").

[7] *See Williams v. LeBlanc*, 2019 WL 3976651, at n.34 (E.D. La. July 24, 2019), *report and recommendation adopted,* 2019 WL 3975075 (E.D. La. Aug. 22, 2019) ("Although petitioner subsequently filed his motion to correct an illegal sentence in 2016, pleadings filed after the expiration of the federal statute of limitations have no bearing on § 2244(d)(2) tolling determinations. . . . Simply put: once the federal limitations period has expired, [t]here [i]s nothing to toll. . . . [P]etitioner seems to suggest that his 2016 motion somehow restarted the federal limitations period.  If that is indeed his position, he is wrong.  Tolling merely pauses the clock; it does not restart anew the limitations period. Thus, once the statute has run, a collateral action cannot revive it.") (quotation marks and quoted sources omitted).

*Lawrence v. Fla.*, 549 U.S. 327, 336 (2007) (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Here, Petitioner does not ask the Court to equitably toll the one-year period of limitation. The form on which Petitioner filed elicited an explanation: "If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition." [doc. # 1, p. 14]. Petitioner did not respond. *Id.*

Further, nothing of record supports equitable tolling. Petitioner does not explain how he diligently pursued his rights, and he does not present any extraordinary circumstances that stood in his way and prevented timely filing. *See Hardaway v. Davis*, 684 F. App'x 444, 446 (5th Cir. 2017) ("To receive the benefit of equitable tolling, the petitioner bears the burden . . . .").

As above, Petitioner claims (i) that he was not present in the court when the trial judge corrected the sentencing minutes and (ii) that the judge did not advise him of the "prescriptive period within which to file for post-conviction relief when the Court amends a sentence[.]" [doc. # 1, pp. 18, 23]. Petitioner, however, does not argue that he was ever unaware of the correction of the sentencing minutes; rather, he just states that he was not present. Similarly, he does not argue that he was unaware of his deadline for applying for post-conviction relief; rather, he simply claims that the judge did not so advise him.

Moreover, even assuming Petitioner was unaware of the deadline to apply for post—conviction relief, his ignorance did not prevent him from filing his "Motion to Correct Illegal Sentence" because a motion to correct illegal sentence may be filed at any time. *See State v. Williams*, 2022 WL 16707936, 2022-0538 (La. App. 1 Cir. 11/4/22), writ denied, 2022-01767 (La. 3/28/23) ("[T]he trial court may correct an illegal sentence at any time.") (*citing* La. Code

Crim. Proc. art. 882 ("An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review.")).  Otherwise stated, to the extent his filing was indeed a motion to correct illegal sentence, there was no deadline of which to be unaware.

Even assuming again that Petitioner was unaware of the deadline to apply for post-conviction relief, he does not present extraordinary circumstances: he does not allege that any individual or entity actively misled him about a cause of action, and his lack of knowledge of the deadline did not prevent him "in some extraordinary way" from asserting his rights.  *See Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011) (finding that "*ignorance of the law, lack of knowledge of filing deadlines*, a claim of actual innocence, temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not sufficient to warrant equitable tolling.") (emphasis added); *Felder*, 204 F.3d at 173 (ignorance of the law is insufficient); *Madden*, 521 F. App'x at 323 ("While Madden may have been confused about when the limitations period commenced, neither his *pro se* status nor his unfamiliarity with the law suffices as a basis for equitable tolling."); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir. 1999) (holding that "neither a [petitioner's] unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").[8]

Even assuming Petitioner presented extraordinary circumstances, he did not diligently

---

[8] *See also Miller v. McCain*, Civ. Action, 2019 WL 297438, at *2 (E.D. La. Jan. 23, 2019) (petitioner's assertion that the trial court failed to inform him of the two-year limitation for filing a state application for post-conviction relief has no bearing on his ability to file a federal application); *Harper v. Hubert*, 2008 WL 4534097, at *3 (E.D. La. Oct. 7, 2008) (finding a federal application untimely and rejecting a claim that the trial court's failure to advise the petitioner of the prescriptive period for seeking state post-conviction relief violated the petitioner's rights); *Puderer v. Vannoy*, 2018 WL 1319023, at *8 (E.D. La. Jan. 26, 2018), adopted 2018 WL 1287621 (March 13, 2018) (finding, where the petitioner asserted that he mistakenly relied on the two-year limitations period under state law or lacked instructions as to the federal limitations period, that he did not present extraordinary circumstances warranting equitable tolling).

pursue his rights. Petitioner did not appeal following the trial court's correction of the sentencing minutes on September 27, 2016. Then, after his conviction became final on October 27, 2016, he waited approximately five years and six months to file his motion to correct illegal sentence on May 13, 2022.[9] *See Webb v. Dretke*, 165 F. App'x 375, 376 (5th Cir. 2006) (holding that the petitioner did not diligently pursue his rights because he "did not seek post-conviction relief until 11 months after his conviction had become final" and offered "no explanation for his delay other than his conclusional allegation that he is a pro se litigant with limited resources."); *Byrd v. Boutte*, 2019 WL 8358566, at *1 (5th Cir. July 23, 2019) ("Byrd offers no reason why she waited over nine months after her conviction became final before seeking state postconviction relief . . . ."); *Prater v. Hooper*, No. 22-30569, 2023 WL 2987571, at *1 (5th Cir. Apr. 18, 2023) ("[H]is failure to file his state habeas application for almost a full year after his conviction became final for purposes of § 2244(d)(1)(A) strongly weighs against equitable tolling.").

In sum, Petitioner was not actively misled by the State or otherwise prevented in some extraordinary way from asserting his rights. Accordingly, this Petition is time-barred under 28 U.S.C. § 2244(d)(1)(A), unless Petitioner demonstrates a fundamental miscarriage of justice.

### III. Actual Innocence

The fundamental miscarriage of justice exception provides that, "in the 'extraordinary case', in which a prisoner asserts a 'credible showing of actual innocence', he may overcome the time-bar, and have his claims considered on the merits." *Floyd v. Vannoy*, 894 F.3d 143, 154 (5th Cir. 2018) (*quoting McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013)) (some internal

---

[9] "Even when a petitioner demonstrates 'rare and exceptional circumstances' for missing the federal habeas deadline, he also must have pursued his claims diligently to justify equitable tolling of the statute of limitations." *Hill v. Johnson*, 265 F.3d 1059 (5th Cir. 2001).

quotation marks and other quoted sources omitted).

"To be credible, [an actual innocence] claim requires [the applicant] to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "Evidence does not qualify as 'new' . . . if 'it was always within the reach of [petitioner's] personal knowledge or reasonable investigation.'" *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018) (*quoting Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008)). Likewise, "Evidence that was available to be presented to the jury at the time of trial is not now 'new' evidence, even if it was not actually presented to the jury." *Shank v. Vannoy*, 2017 WL 6029846, at *2 (5th Cir. Oct. 26, 2017).

"Tenable actual innocence claims are rare because the applicant must show 'that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Davis*, 768 F. App'x at 265 (*quoting Perkins*, 569 U.S. at 386). "[A] successful actual-innocence claim provides a 'gateway' for the petitioner to proceed on the merits." *Id.* (*quoting House v. Bell*, 547 U.S. 518, 536 (2006)). "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin*, 569 U.S. at 401 (*quoting Schlup*, 513 U.S. at 316).

Here, Petitioner does not claim that he is innocent, and he does not present any evidence—much less newly-discovered evidence of actual innocence—to support a claim of actual innocence. Absent any evidence, Petitioner cannot establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Accordingly, Petitioner's claims remain barred by the statute of limitations.

10

## Conclusion

For the reasons above, **IT IS RECOMMENDED** that Petitioner Glen Dale Nelson's Petition for Writ of Habeas Corpus, [doc. # 1], be **DENIED and DISMISSED WITH PREJUDICE** as time-barred under 28 U.S.C. § 2244(d).

**By this Report and Recommendation, the Court notifies Petitioner that his claims are subject to dismissal as untimely under the one-year period of limitation and that the undersigned is recommending dismissal without ordering Respondent to answer. <u>Petitioner may raise any arguments against dismissal during the fourteen-day objection period described below.</u>**[10]

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Report and Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

---

[10] *See Lewis v. Cockrell*, 33 F. App'x 704 (5th Cir. 2002) ("When a federal district court applies the limitations period *sua sponte,* it should consider whether the habeas petitioner has been given notice of the issue, whether the petitioner has had a reasonable opportunity to argue against dismissal, and whether the state has intentionally waived the defense.").

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, this 31st day of July, 2023.

Kayla Dye McClusky
United States Magistrate Judge